UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-342-RJC
(3:07-cr-144-RJC-2)

| | |
|---|---|
| **NILES M. BELK,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 15).

I.  **BACKGROUND**

Petitioner was charged by Indictment with Count (1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Counts (6), (10), (14), (21), (25), using and brandishing a firearm during and in relation to a crime of violence, "that is, interference with commerce by threats and violence" as charged in Counts (5), (9), (13), (20), and (24)[1] and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); and Counts (8), (12), (16), (23) and (27), possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g), 924(e), and 2). (3:07-cr-144, Doc. No. 1). Counts (8), (12), (16), (23), and (27) were dismissed on the Government's motion. (Id., Doc. Nos. 42, 43). A jury found Petitioner guilty of Counts (1), (5), (6), (13), (14), (20), (21), (24) and (25), and not guilty of Counts (9) and (10). (Id., Doc. No. 52).

---

[1] Co-defendant Stanley Corbett was charged in each of those counts with obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ -1951 and 2).

The Presentence Investigation Report ("PSR") scored the combined adjusted offense level as 24. (Id., Doc. No. 66 at ¶ 58). However, Petitioner qualifies as a career offender so his offense level is 32 and his criminal history category is VI. (Id., Doc. No. 66 at ¶¶ 59, 70). When the minimum mandatory sentences required by § 924(c) are added, the resulting guideline range is 1,194 to 1,246 months' imprisonment. (Id., Doc. No. 66 at ¶¶ 63-64).

The Court sentenced Petitioner within the advisory guideline range to a total of 1,194 months' imprisonment comprised of: 210 months for Counts (1), (5), (13), (20), and (24); 84 months for Count (6), consecutive; 300 months for Count (21), consecutive; and 300 months for Count (25), consecutive. (Id., Doc. No. 79).

On direct appeal, Petitioner challenged the sufficiency of the evidence to support the verdict. The Fourth Circuit affirmed. United States v. Corbett, 374 Fed. Appx. 372 (4th Cir. 2010), *certiorari* denied, 560 U.S. 932 (2010).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 14, 2016, (Doc. No. 1), arguing that he is not a career offender pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The case was stayed pursuant to Beckles v. United States, No. 15-8544. (Doc. No. 4). Following the Supreme Court's issuance of Beckles v. United States, 137 S.Ct. 886, 894 (2017), Petitioner filed an Unopposed Motion to Amend, (Doc. No. 5), abandoning the career offender claim but adding the new claim that the § 924(c) convictions for "possession of a firearm during and in relation to a Hobbs Act robbery" are invalid under Johnson. (Doc. No. 5 at 1). The Court granted the Unopposed Motion to Amend and stayed the case pursuant to United States v. Simms, Case No. 15-4640. (Doc. Nos. 7, 9).

Petitioner then filed a Memorandum in Support, (Doc. No. 12), arguing that the jury instructions and general verdict in the relevant § 924(c) counts could have allowed the jury to

2

convict based on conspiracy to commit Hobbs Act robbery, which is not a crime of violence under United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*). Applying the categorical approach to the least culpable conduct of Hobbs Act conspiracy which does not satisfy § 924(c)'s force clause. As a result, he argues, the § 924(c) counts must be vacated.

The Government filed a Motion to Dismiss, (Doc. No. 15), arguing that the § 924(c) claim is procedurally barred and foreclosed by precedent. The case was then again stayed pursuant to United States v. Ali, No. 15-4433 and United States v. Steward, No. 15-4422. (Doc. No. 19).

The Government filed a Supplemental Memorandum in support of its Motion to Dismiss, (Doc. No. 21), arguing that United States v. Steward, 793 Fed. Appx. 188 (4th Cir. 2019), confirms that the Court properly charged the jury regarding the 924(c) offenses and urging the Court to dismiss the § 924(c) claims as procedurally barred and meritless.

In his Response, (Doc. No. 23), Petitioner argues that he can establish cause and prejudice and actual innocence and, alternatively, the error is a jurisdictional defect that is not subject to waiver or procedural bar.

The Government filed a Reply, (Doc. No. 24), arguing that Petitioner's amended claim challenging whether his Hobbs Act robbery predicates are crimes of violence is foreclosed, he has not shown cause and prejudice or actual innocence to overcome his procedural default, and his attempt to add new claims is unavailing. His claims lack merit because his § 924(c) convictions are predicated on Hobbs Act robbery, which is a crime of violence.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and

substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claim is not procedurally defaulted because he is raising a jurisdictional defect that cannot be procedurally defaulted. He further argues that he can demonstrate cause and prejudice because the attack on the § 924(c) convictions is novel. Assuming arguendo that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) convictions are valid and are not undermined by a novel legal theory. See Section (2), *infra*.

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(2)** **Merits**

Assuming arguendo that Petitioner's challenge to the § 924(c) convictions is not procedurally defaulted, it fails on the merits.[2]

---

[2] The Court will not address the timeliness of Petitioner's Supplement, (Doc. No. 7), in the interest of judicial economy because Petitioner's claims fails on the merits. See generally Lambrix v. Singletary, 520 U.S. 518, 525, 117 S. Ct. 1517, 137 L. Ed. 2d 771 (1997) (disclaiming any intention "to suggest that the procedural-bar issue must invariably be resolved first" in a habeas case, and explaining that "[j]udicial economy might counsel" in favor of going directly to the merits if the merits are easily resolvable against the petitioner); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (recognizing that AEDPA's statute of limitations is not jurisdictional); Ramos-Martinez v. United States, 638 F.3d 315 (1st Cir. 2011) (noting that the "pragmatic approach" of bypassing a complex limitations issue "can be utilitarian in some cases" and that "a court occasionally may avoid addressing an enigmatic threshold issue by cutting directly to the merits"); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (federal courts are authorized to skip a relatively complicated procedural default question and proceed to deny the claim on the merits); Carr v. CIGNA Securities, Inc., 95 F.3d 544, 547 (7th Cir. 1996) (choosing to "skip over the tangled statutes of limitations issues" to "come directly" to the merits of the claims).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[3] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause[4] is unconstitutionally vague under the principles set forth in Johnson. United States v. Davis, 139 S.Ct. 2319 (2019).

Davis does not undermine Petitioner's convictions and sentences because the predicate offense for the counts at issue, Hobbs Act robbery, is a crime of violence under § 924(c)'s force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner's argument that the jury instructions and general verdict could have allowed the jury to use Hobbs Act conspiracy as the § 924(c) predicates is conclusively refuted by the record. Petitioner's co-defendant pled guilty in Counts (5), (9), (13), (20), and (24) to violating the Hobbs Act "by robbery." (3:07-cr-144, Doc. No. 1). Counts (6), (10), (14), (21), and (25) allege that Petitioner violated § 924(c) by brandishing firearms "during and in relation to a crime of violence, that is, interference with commerce by threats and violence" as charged in those Hobbs Act robbery counts. (Id.).

Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not a crime of violence, is misplaced. The Court

---

[3] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the ACCA residual clause.

[4] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or *(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

instructed the jury on a Pinkerton[5] theory then addressed each of the offenses including Hobbs Act robbery. (Doc. No. 94 at 116-17, 119). Petitioner has failed to demonstrate that a Pinkerton instruction converts a Hobbs Act robbery conviction into one for Hobbs Act conspiracy. See Moore v. United States, 2019 WL 5454487 (W.D.N.C. Oct. 23, 2019) (rejecting argument that a Pinkerton instruction essentially converted a Hobbs Act robbery conviction into a conviction for Hobbs Act conspiracy); United States v. Singleton, 2019 WL 3454662 (D.S.C. July 31, 2019) (distinguishing Hobbs Act conspiracy from Hobbs Act robbery under a theory of Pinkerton liability); United States v. Woods, 2020 WL 999036 (E.D. Mich. March 2, 2020) (denying defendant's motions for judgment of acquittal and new trial where defendant argued that the jury may have improperly predicated a § 924(c) conviction, that was based on two VICAR offenses, on conspiracy due to the government's reliance on a Pinkerton theory of liability; also rejecting claims of jury instruction error, verdict form error, and constructive amendment); see also United State v. Brayboy, 789 Fed. Appx. 384 (4th Cir. 2020) (rejecting on plain error review defendant's argument that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c); noting that every circuit to have considered the argument that aiding and abetting Hobbs Act robbery is not a crime of violence has rejected it); United States v. Zackery, 494 F.3d 644 (8th Cir. 2007) (analogizing Pinkerton liability to aiding and abetting).

Petitioner's § 924(c) challenge is therefore meritless and this claim would be denied on the merits if it was not procedurally defaulted.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

---

[5] Pinkerton v. United States, 328 U.S. 640 (1946).

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 26, 2020

Robert J. Conrad, Jr.
United States District Judge